OPINION
{¶ 1} Defendant-appellant, Daniel J. Gourley, appeals his conviction in the Butler County Court of Common Pleas for operating a vehicle under the influence of alcohol ("OVI").
 {¶ 2} On August 17, 2005, appellant was indicted on one count of operating a vehicle under the influence of alcohol, which is a felony of the fourth degree as appellant had been *Page 2 
convicted of or pleaded guilty to three previous charges of the same or similar offense within six years. On October 4, 2005, appellant entered a guilty plea. The trial court accepted appellant's plea, and sentenced appellant to serve a prison term of 27 months. Appellant appeals his conviction, raising a single assignment of error.
 {¶ 3} Assignment of Error:
 {¶ 4} "THE COURT COMMITTED ERROR WHEN IT FAILED TO FOLLOW THE MANDATORY LANGUAGE OF CRIMINAL RULE 11 (C) PRIOR TO ACCEPTING A PLEA OF GUILTY."
 {¶ 5} Appellant argues that his conviction should be reversed because the trial court improperly advised him as to the maximum possible sentence it could impose. Further, appellant argues that the trial court erred in failing to properly advise appellant of the constitutional rights he would be waiving by entering a guilty plea until after the court accepted appellant's plea. We disagree.
 {¶ 6} Prior to accepting a guilty plea, the trial court must personally address the defendant to determine that the plea is made voluntarily. Crim.R. 11(C)(2). The court must ensure that the defendant comprehends the crimes charged, the maximum penalties, and his ineligibility for probation or community control sanctions, if applicable. Id. The court must also ensure that the defendant understands the court may enter judgment and impose sentence upon acceptance of the guilty plea. Id. Additionally, the court must determine that the defendant understands the constitutional rights he is waiving by entering a guilty plea, including "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id.
 {¶ 7} Before accepting a guilty plea, a trial court must strictly comply with the *Page 3 
constitutional requirements of Crim.R. 11(C)(2). State v. Jones, Warren App. No. CA2002-10-113, 2003-Ohio-2926, ¶ 9, citing State v. Higgs
(1997), 123 Ohio App.3d 400, 403. However, when dealing with the nonconstitutional warnings of Crim.R. 11(C)(2), such as the nature of the charge, the maximum possible sentence, eligibility for probation or community control, the trial court need only "substantially comply" with the rule. State v. Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076, ¶ 31, citing State v. Ballard (1981), 66 Ohio St.2d 473, 475. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. "The test is whether an error the court committed so prejudiced the defendant that she would not have pled guilty had the error not been made." State v. Caplinger (1995), 105 Ohio App.3d 567, 572.
 {¶ 8} Appellant was convicted of OVI in violation of R.C.4511.19(A)(1)(d), which provides: "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."
 {¶ 9} Further, R.C. 4511.19 provides:
 {¶ 10} "(G)(1) Whoever violates any provision of [R.C.4511.19(A)(1)(a) to (i) or R.C.4511.19(A)(2)] is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for either offense under [R.C. Chapter 2929], except as otherwise authorized or required by divisions (G) (1 )(a) to (e) of this section:
 {¶ 11} "(d) * * * [A]n offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously *Page 4 
has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
 {¶ 12} "(i) * * * either a mandatory term of local incarceration of sixty consecutive days in accordance with [R.C. 2929.13(G)(1)] or a mandatory prison term of sixty consecutive days in accordance with [R.C.2929.13(G)(2)] * * *. If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in [R.C. 2929.13(A)(1)], no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding [R.C.2929.14(A)(4)], it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division [R.C. 2929.13(G)(2)]. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction."
 {¶ 13} According to the record, before accepting appellant's guilty plea, the trial court engaged in a meaningful colloquy with appellant, where the court ensured that appellant understood the charges. Further, the trial court explained to appellant that his sentence would consist of a mandatory 60-day prison term and that the court could impose an additional six to 30 months for a total maximum possible sentence of approximately 32 months imprisonment. Further, the court explained that it would impose a mandatory fine of at least $800 but not more than $10,000, and that it would impose a driver's license suspension for a minimum of three years to a maximum of the balance of appellant's life. The trial court also explained to appellant that instead of being imprisoned for a portion of the *Page 5 
sentence, the court could place appellant on community control sanctions for up to five years, and if appellant violates sanctions, the court could impose the maximum sentence permitted for this crime.
 {¶ 14} After reviewing the record, we find that the trial court erred in informing appellant that the maximum possible sentence was 32 months, as the maximum possible sentence for a fourth degree felony OVI offense is 30 months. See State v. Knoph, Franklin App. No. 05AP-1201,2006-Ohio-3806, ¶ 5. However, we find that appellant was not prejudiced by the trial court's error. Appellant has not demonstrated or even argued that he would not have entered a guilty plea had the trial court properly informed him that the maximum possible sentence for this offense is two months less than the maximum possible sentence the trial court actually advised appellant it could impose. Moreover, the trial court's error did not have an impact on appellant's actual sentence, as the court ultimately imposed a 27-month prison sentence.
 {¶ 15} With respect to appellant's second argument, we find that the trial court did not accept appellant's guilty plea until after the court informed appellant that he would be waiving his constitutional rights by entering a guilty plea. According to the record, before informing appellant of his constitutional rights pursuant to Crim.R. 11(C)(2)(c), the court asked appellant how he wished to plead, and appellant responded that he wanted to enter a guilty plea. The court then explained to appellant in detail each of the constitutional rights enumerated in Crim.R. 11(C)(2)(c). The trial court asked appellant if he understood that he was waiving each of these rights, and appellant responded in the affirmative. Then, the trial court accepted appellant's plea, finding that appellant made a knowing, intelligent, and voluntary waiver of his rights pursuant to Crim.R. 11.
 {¶ 16} Accordingly, we find that in accepting appellant's plea, the trial court substantially complied with the nonconstitutional aspects of Crim.R. 11(C), and strictly *Page 6 
complied with the constitutional aspects. Appellant's assignment of error is overruled.[1] Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] We note that appellant attempts to raise an argument pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, for the first time in his reply brief. The Ohio Supreme Court decided Foster before appellant filed his original brief in this case, and appellant has offered no explanation as to why he failed to argue this issue in his original brief. Loc.R. 11(A)(3) provides that "[r]eply briefs shall be restricted to matters in rebuttal of the answer brief." Accordingly, we decline to address this issue. *Page 1