OPINION
{¶ 1} Defendant-appellant James Carney appeals from his sentence entered in the Belmont County Common Pleas Court. Four issues are raised in this appeal. The first issue is whether Carney was sentenced to more than the maximum sentence. The second issue is whether his plea was entered into knowingly, intelligently and voluntarily. The third issue is whether the state breached the terms of the plea agreement. The fourth issue concerns whether trial counsel was ineffective. For the reasons expressed below, the guilty plea was not entered in compliance with Crim.R. 11(C), thus, the April 6, 2006 sentence is reversed, the plea is vacated and the cause is remanded.
 STATEMENT OF CASE {¶ 2} Carney was pulled over by a trooper in St. Clairsville, Ohio. He was cited for speeding, operating a vehicle while under the influence, driving with a suspended license and open container.
 {¶ 3} On May 2, 2001, an indictment was issued against Carney. It indicated that on April 10, 2001, Carney operated a vehicle while under the influence of alcohol and/or drugs, in violation of R.C.4511.19(A)(1). The indictment also contained a specification stating that within the past six years Carney had been convicted of three DUI offenses.
 {¶ 4} Carney originally pled not guilty to the charge; however, on December 3, 2001, he withdrew the not guilty plea and pled guilty. This was the result of a plea agreement with the state. The state agreed to recommend a sentence of six months and dismissed all companion charges (speeding, open container, and driving with a suspended license).
 {¶ 5} At the plea hearing, after accepting the guilty plea, the trial court released Carney on his own recognizance. Carney was released so that he could get tested to determine if he could donate a kidney to his significant other. (Plea Tr. 8-9; 11/26/01 Motion to Release). A sentencing date was not set at that time; instead, a status conference was set for January 7, 2002. 12/28/01 J.E. However, prior to that *Page 3 
date, Carney was arrested on another DUI charge and was incarcerated in Marietta, Ohio. 01/10/02 J.E. Thus, the case was continued.
 {¶ 6} The next journal entry is dated October 26, 2005 and it indicates that Carney was incarcerated at Chillicothe Correctional Institution and directs the Belmont County Sheriffs Office to place a detainer on him. Sentencing was then set for March 6, 2006 and later rescheduled for March 20, 2006.
 {¶ 7} At the March 20, 2006 sentencing hearing, the trial court stated that it was giving him the maximum sentence of 18 months. (Sentencing Tr. 7). A second sentencing hearing was held on March 27, 2006. Carney requested this second sentencing hearing because there was confusion as to whether the sentence he received was for 18 or 30 months. (Sentencing Tr. 9). The trial court clarified itself at this hearing. (Sentencing Tr. 9).
 {¶ 8} "The Court: And I understand that I said 30 months and I also said 18 months, and I apologize for any confusion in that. Mr. Carney, because the length of your record-
 {¶ 9} "* * *
 {¶ 10} "The Court: the offenses of over and over again, the Court did mean the 30 months." (Sentencing Tr. 9).
 {¶ 11} The sentence of 30 months was journalized on April 6, 2006. Carney now appeals from that decision. However, after he filed the appeal, the trial court held another sentencing hearing and issued an amended sentence. That hearing was held on March 19, 2007. Following that hearing on April 5, 2007, the trial court amended the sentence to 18 months instead of 30 months. Prior to addressing the merits of the appeal we must first address the effectiveness of the April 5, 2007 sentencing entry.
 April 5, 2007 J.E. {¶ 12} The April 5, 2007 journal entry resulted from the March 19, 2007 hearing. The entry indicated that the purpose for the hearing was to amend the April 6, 2006 sentencing entry and to consider Carney's pro se request for judicial release. The trial court had jurisdiction to grant or deny judicial release. However, the trial court was without jurisdiction to modify or amend the sentence that was imposed on April 6, 2006. State v. Garretson (2000), 140 Ohio App.3d 554 (stating once a sentence has *Page 4 
been executed, the trial court loses jurisdiction to amend or modify the sentence). Yet, the trial court did just that. It held that the maximum penalty was 18 months, not 30 months, and thus, modified the sentence accordingly. It determined that such amendment was necessary because according to the trial court, the law in effect at the time of the offense provided for a maximum sentence of 18 months, whereas the law in effect at the time the sentence was entered was 30 months. Thus, the trial court determined that the correct sentence should be 18 months. Whether or not its determination was correct (which will be discussed below), the trial court was without jurisdiction to amend the sentence and thus that sentence is void ab initio.
 {¶ 13} Accordingly, the April 6, 2006 sentencing entry indicating that the sentence is 30 months is reinstated. Our review of Carney's assignments of error are from that journal entry.
 FIRST ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT COMMITTED ERROR IN SENTENCING THE APPELLANT TO SERVE THIRTY (30) MONTHS IN PRISON."
 {¶ 15} Carney argues the 30 month sentence is contrary to law. He does not dispute that the offense he was convicted of is a fourth degree felony; however, he argues that the maximum sentence is 18 months, not 30 months. He cites to the plea agreement to support this allegation.
 {¶ 16} The indictment alleges that on April 10, 2001, in Belmont County, Ohio, Carney operated a motor vehicle while under the influence of alcohol and/or drugs, a violation of R.C. 4511.19(A)(1). The indictment contains a specification that within the six years preceding the indictment Carney had been convicted of three prior DUI offenses. Carney pled guilty to the indictment, thus admitting the offense occurred on April 10, 2001. Therefore, in determining whether the applicable maximum sentence was 30 months or 18 months, we must look at the DUI sentencing law in effect on April 10, 2001.
 {¶ 17} R.C. 4511.99 is the penalties section for violations of R.C.4511.19, the applicable DUI statute. Prior to May 17, 2000, R.C.4511.99(A)(4)(a) indicated that:
 {¶ 18} "If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations identified in division (A)(2) of this section, or *Page 5 
if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code * * *."
 {¶ 19} In accordance with R.C. 2929.14(A)(4), the maximum prison term for the fourth degree felony would have been 18 months. However, as aforementioned, that version was only effective until May 16, 2000. Effective May 17, 2000, the language of R.C. 4511.99(A)(4)(a) was changed to indicate that if within six years of the current offense the offender has been convicted of or pled guilty to three or more violations of R.C. 4511.19(A), the offender is "guilty of a felony of the fourth degree and, not withstanding division (A)(4) of section2929.14 of the Revised Code, may be sentenced to a definite prison term that shall not be less than six months and not more than thirty months." R.C. 4511.99(A)(4)(a)(i) (Emphasis added).
 {¶ 20} The language in this statute clearly indicates that R.C.2929.14(A)(4) is not applicable and that the maximum prison term for the DUI conviction is 30 months. This was the version that was in effect on the day of the offense, April 10, 2001. Accordingly, this court cannot find that the sentence is contrary to law. While it is acknowledged that the plea agreement indicates that 18 months is the maximum sentence for the crime charged, that is not an accurate indication of the law, and as such, provides no support for his argument. Any argument concerning the plea agreement's stated maximum prison term is a better argument for the second assignment of error. This assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR {¶ 21} "THE APPELLANTS GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE IN VIOLATION OF CRIMINAL RULE 11."
 {¶ 22} Carney argues that since the trial court and the plea agreement stated the wrong maximum sentence, his plea was not entered into knowingly, voluntarily, and intelligently. Before accepting a plea of guilty, Crim.R. 11 demands that the trial *Page 6 
court inform a defendant of the constitutional rights he waives by entering the plea. State v. Nero (1990), 56 Ohio St.3d 106, 107. To comply, the trial court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront witnesses against him; (4) the right to compulsory process of witnesses; and (5) the right to be proven guilty beyond a reasonable doubt. Crim.R. 11(C)(2)(c). Failure to strictly comply with these constitutional requirements invalidates a guilty plea. State v. Foster, 8th Dist. No. 81309, 2002-Ohio-7072.
 {¶ 23} In addition to informing the defendant of his constitutional rights, the court must also inform the defendant of several nonconstitutional rights: the nature of the charge against him; the maximum sentence involved; and whether he is eligible for probation or community control. Crim.R. 11(C)(2)(a); Nero, 56 Ohio St.3d at 107. Substantial compliance with this rule is sufficient when waiving nonconstitutional rights. See State v. Ballard (1981),66 Ohio St.2d 473, 478. See, also, Nero, 56 Ohio St.3d at 108; Garfield Hts. v.Mancini (1997), 121 Ohio App.3d 155.
 {¶ 24} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, 56 Ohio St.3d at 108. Or in other words, "if it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance."State v. Caplinger (1995), 105 Ohio App.3d 567, 572. Also, an appellant who is challenging his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect; the test is whether the plea would have otherwise been made. Nero, 56 Ohio St.3d at 108;State v. Stewart (1977), 51 Ohio St.2d 86; Caplinger,105 Ohio App.3d at 572.
 {¶ 25} Carney's argument is that he was given incorrect information about the maximum sentence for the charged crime. Thus, his argument alleges noncompliance with the nonconstitutional requirement of understanding the maximum sentence possible, a violation of Crim.R. 11(C)(2)(a).
 {¶ 26} As explained under the first assignment of error, the maximum possible sentence for the crime which Carney pled guilty to was 30 months. However, at the *Page 7 
plea hearing, the trial court clearly indicated that the maximum possible sentence was only 18 months. (12/03/01 Plea Tr. 5). Furthermore, in the plea agreement that was filed with the court, it stated the maximum possible prison term for his violation of R.C.4511.19(A)(1) was 18 months. 12/03/01 Plea Agreement. This plea agreement was signed by Carney, defense counsel, the state, and the trial court.
 {¶ 27} Generally, the failure of a trial court to properly inform a defendant of the maximum penalty applicable to his offense is reversible error. Caplinger, 105 Ohio App.3d at 572, citing State v. Gibson (1986),34 Ohio App.3d 146, 146-148. In Caplinger, the trial court stated the maximum penalty was five years less than it really was; it reduced the penalty by half. Caplinger, 105 Ohio App.3d at 573. As theCaplinger court explained, a trial court's misstatement of the maximum penalty may cause prejudice because the misstatement of the maximum possible sentence may have induced the defendant to enter a guilty plea. Id. Thus, it concluded that there had not been substantial compliance with Crim.R. 11 (C)(2)(a). Id.
 {¶ 28} As aforementioned, in the case sub judice, the maximum possible penalty was 30 months, however, the trial court indicated it was only 18 months. Thus, like Caplinger, the trial court misstated the maximum sentence by almost half of what it actually was. As Caplinger indicated:
 {¶ 29} "Indeed, by indicating that the maximum penalty was only half of what it really was, the trial court could have inadvertently induced the appellant to enter a guilty plea." Id.
 {¶ 30} Consequently, the incorrect indication of the maximum possible penalty prejudiced Carney. Thus, like Caplinger, we find that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). Consequently, the judgment is reversed, the plea vacated and the cause remanded. This assignment of error has merit.
 THIRD ASSIGNMENT OF ERROR {¶ 31} "THE APPELLEE BROKE THE TERMS AND CONDITIONS OF THE WRITTEN PLEA AGREEMENT BY REQUESTING THE TRIAL COURT TO IMPOSE THE MAXIMUM PENALTY." *Page 8 
 {¶ 32} Given the fact that the plea must be vacated, this assignment of error does not need to be addressed. Regardless, even if it is addressed, Carney's argument still fails. It is true that part of the plea agreement stated that the state would request the minimum sentence of six months. However, the facts of this case must be considered. At the time the plea was entered into, Carney was going to be released on his own recognizance prior to sentencing so that it could be determined whether he could be a donor for his significant other. Following that testing, Carney was supposed to return to the court for sentencing. However, Carney did not return. Instead, he committed another DUI and spent 30 months in prison on that charge. At no time during that incarceration did Carney notify the Belmont County Common Pleas Court or the prosecutor as to where he was. Thus, the sentencing did not occur until five years after the guilty plea was entered. The circumstances had changed concerning the plea agreement, especially given that Carney had not abided by his recognizance bond.
 FOURTH ASSIGNMENT OF ERROR {¶ 33} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 34} Carney argues that his trial counsel was ineffective for failing to object to the second sentencing hearing, the March 27, 2006 hearing. Our standard of review for an ineffective assistance of counsel argument is set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial *Page 9 
counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie (1998), 81 Ohio St.3d 673, 675.
 {¶ 35} Under that standard, we cannot find that the failure to object to the March 27, 2006 sentencing hearing resulted in ineffective assistance of counsel. It was Carney's counsel who asked to reopen the sentencing hearing because of confusion as to the sentence. Counsel would not object to his own request for reopening the sentence. Furthermore, we cannot find that it was deficient for counsel to request the second hearing, especially given that there was confusion as to what sentence was being imposed — 18 or 30 months. This assignment of error lacks merit.
 {¶ 36} For the reasons stated above, the April 5, 2007 amended sentence is void ab initio; the trial court was without jurisdiction to amend the sentence. Thus, the April 6, 2006 sentence is reinstated. After reviewing the record, we find that the sentencing range for violating R.C. 4511.19(A) and R.C. 4511.99(A)(4)(a) on April 10, 2001 was six to thirty months. Thus, the trial court's April 6, 2006 sentence of 30 months was not contrary to law. That said, since Carney was informed in the plea agreement and during the plea hearing colloquy that the maximum sentence for the crime charged was 18 months, we find that the plea did not substantially comply with Crim.R. 11(C)(2)(a). Consequently, the judgment of the trial court is reversed, the plea is vacated and the cause is remanded for further proceedings.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1