OPINION
{¶ 1} Defendant-appellant, Michael D. Bailey, appeals his conviction and sentence in the Geauga County Court of Common Pleas, following the entry of a guilty plea for Operation While Under the Influence of Alcohol. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On May 18, 2005, Bailey was indicted on one count of Driving While Under the Influence of Alcohol, a felony of the third degree in violation of R.C. 4511.19(A)(1)(a), one count of Speed, a minor misdemeanor in violation of R.C. *Page 2 4511.21(C), and one count of Driving Under Suspension, a misdemeanor of the first degree in violation of R.C. 4510.037(J).
 {¶ 3} On August 30, 2005, Bailey entered a negotiated plea agreement whereby he would plead "guilty to one violation of R.C.4511.19(A)(1)(a)(G)(1)(d), a felony of the fourth degree, a lesser included offense to Count One of the Indictment, a violation of R.C.4511.19(A)(1)(a), a felony of the third degree." In return, the State would "seek leave to dismiss counts two and three at the time of sentencing." There was "no agreement as to sentencing."
 {¶ 4} At Bailey's change of plea hearing, the trial judge was initially uncertain whether Bailey was pleading guilty to a third or fourth degree Operation While Under the Influence. The prosecutor immediately explained to the trial judge that Bailey was pleading to a fourth degree Operation While Under the Influence, a lesser included offense of third degree Operation While Under the Influence. The trial judge addressed Bailey directly to confirm that Bailey understood he was pleading guilty to a lesser included offense of the offense charged in the indictment.
 {¶ 5} Later in the hearing, the trial judge explained to Bailey that the "maximum potential penalty for the fourth degree felony, the lesser included offense, is twelve months in prison." Thereupon, defense counsel advised the trial judge that the maximum penalty for a fourth degree felony is eighteen months, rather than twelve months. The trial judge recognized the mistake and addressed Bailey directly: "The fourth degree felony, there is a maximum penalty of eighteen months in prison, if convicted, from six to eighteen months. You understand that?" Bailey replied that he *Page 3 
did. The trial judge then asked whether Bailey "still want[ed] to plead guilty to the lesser included offense." Bailey replied that he did.
 {¶ 6} On October 14, 2005, Bailey's sentencing hearing was held. The trial court sentenced Bailey to an eighteen month prison term, imposed a fine of $5,000, and suspended Bailey's driver's license for six years.
 {¶ 7} By leave of this court, Bailey filed a delayed appeal and raises the following assignments of error.
 {¶ 8} "[1.] The trial court erred in accepting the Defendant's guilty plea when the legal requirements for the entry of the guilty plea were not fully met.
 {¶ 9} "[2.] The trial court erred and abused its discretion in sentencing the Defendant to the maximum sentence available under the statute without the appropriate analysis of the seriousness factor in R.C. 2929.12(B) and in failing to sentence him to treatment under the guidelines of ORC 5120.033 and in imposing the large fine in light of the fact that he had previously been found to be indigent by the court.
 {¶ 10} "[3.] The Defendant was not provided with effective assistance of counsel in both his plea and in his sentencing hearing."
 {¶ 11} Under the first assignment of error, Bailey challenges the validity of the guilty plea entered on August 30, 2005. Two grounds have been identified as invalidating the plea: 1) the trial judge misstated the maximum potential penalties for Operation While Under the Influence of Alcohol, and 2) the offense to which Bailey was pleading guilty was not clearly identified.
 {¶ 12} The Ohio Rules of Criminal Procedure provide that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * *Page 4 
determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *." Crim.R. 11(C)(2)(a). With respect to the non-constitutional requirements of Crim.R. 11(C)(2), such as whether the defendant understands the nature of the charges and the maximum penalty involved, a reviewing court must determine whether there was substantial compliance. State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 45. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93.
 {¶ 13} The inquiry does not end with the determination that the sentencing judge complied or failed to comply with Crim.R. 11(C)(2)(a). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Nero, 56 Ohio St.3d at 108, citingStewart, 51 Ohio St.2d at 93, and Crim.R. 52(A).
 {¶ 14} In the present case, Bailey pled guilty to a fourth degree Operation While Under the Influence of Alcohol. A felony of the fourth degree typically carries a range of potential prison terms from six to eighteen months. R.C. 2929.14(A)(4). The trial judge advised Bailey that the maximum penalty for a fourth degree felony is eighteen months. When sentencing for a fourth degree Operation While Under the Influence of Alcohol, however, the trial judge must sentence the offender to "either a mandatory term of local incarceration of sixty consecutive days * * * or a mandatory prison term of sixty consecutive days * * *." R.C.4511.19(G)(1)(d)(i). "If the court imposes a mandatory *Page 5 
prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall not be less than six months and not more than thirty months." Id.; also R.C. 2929.13(G)(2). Accordingly, the actual maximum penalty the trial court could have imposed was a thirty-month term of imprisonment. State v. Gourley, 12th Dist. No. CA2006-01-003,2007-Ohio-1221, at ¶ 14.
 {¶ 15} Although the trial judge failed to advise Bailey of the correct maximum penalty, Bailey has failed to demonstrate any prejudice arising from this error. Nothing in the record suggests, and Bailey does not argue, that he would not have entered his plea had he known the maximum penalty was thirty months of imprisonment rather than eighteen months of imprisonment. There was no provision in Bailey's plea agreement that the State would recommend a sentence less than the maximum, so as to make Bailey believe he would receive a sentence of less than eighteen months. Nor has Bailey suffered any actual prejudice, since the sentence imposed was less than the actual maximum potential sentence and within the limit of the maximum sentence as stated by the trial judge.
 {¶ 16} Where the appellant has failed to demonstrate prejudice and where the sentence imposed does not exceed the misstated maximum sentence, appellate courts have upheld pleas to a fourth degree Operation While Under the Influence despite the appellant being misinformed about the actual maximum penalty. Gourley, 2007-Ohio-1221, at ¶¶ 5-14; State v. Tackett, 3rd Dist. No. 17-01-06, 2001-Ohio-2244, 2001 Ohio App. LEXIS 3612, at *4-*8. *Page 6 
 {¶ 17} The cases where appellate courts have reserved guilty pleas are those cases where the trial judge understated the maximum penalty at the change of plea hearing and, then, imposed an actual sentence greater than the understated penalty. State v. Carney, 7th Dist. No. 06 BE 18,2007-Ohio-3180, at ¶¶ 22-30 (a thirty month sentence was imposed for a fourth degree Operation While Under the Influence although the court indicated the maximum penalty was an eighteen month sentence); State v.Puckett, 4th Dist. No. 03CA2920, 2005-Ohio-1640, at ¶¶ 6-14 (a thirty month sentence was imposed for a fourth degree Operation While Under the Influence although the court indicated the maximum penalty was an eighteen month sentence).
 {¶ 18} Such is not the case here. The trial judge informed Bailey he faced a maximum sentence of eighteen months and imposed a sentence of eighteen months, a little more than half of the actual maximum sentence of thirty months. Thus, Bailey suffered no prejudice.
 {¶ 19} Bailey also argues the trial judge failed to adequately advise him of the charge to which he was pleading. The trial judge advised Bailey he was pleading guilty to a lesser included offense of third degree Operation While Under the Influence, i.e. fourth degree Operation While Under the Influence or R.C. "4511.19(A)(1)(a)(G)(1)(d)." Bailey asserts the trial judge failed to state whether the charge was based upon Bailey's having been convicted of three or four prior violations of Operation While Under the Influence within six years of the current charge or upon Bailey's having been convicted of five or more such violations within twenty years of the current charge. R.C.4511.19(G)(1)(d). Moreover, Bailey asserts the trial judge failed to state whether Bailey *Page 7 
would be sentenced under subsection (i) or (ii) of division (G)(1)(d). Both assertions lack merit.
 {¶ 20} "It is well established that a plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received `real notice of the true nature of the charge against him * * *.'" Marshall v.Lonberger (1983), 459 U.S. 422, 436 (citation omitted); State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 56 (citation omitted). "However, `the courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a).'" Fitzpatrick, 2004-Ohio-3167, at ¶ 57 (citation omitted). "[E]ven without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Marshall,459 U.S. at 436 (citation omitted).
 {¶ 21} As this court has stated, "it is not essential that the trial court specifically ask the defendant if the nature of the charges is understood if other circumstances warrant the determination that the defendant does, in fact, understand the charges." State v. Taylor, 11th Dist. No. 94-G-1894, 1996 Ohio App. LEXIS 1225, at *7, citing State v.Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus. Again, this court has stated, "the court need not advise [the defendant] of the elements of the crime or specifically ask him if he understands the charge, so long as the totality of the circumstances indicate that the trial court was warranted in deciding that the defendant did understand the charge." State v. Singh (2000), 141 Ohio App.3d 137, 141. In particular, "[w]here the charge to which a defendant pleads guilty is a lesser included *Page 8 
offense of the crime with which he was originally charged, so that the elements of the two crimes are similar, it is not difficult to find circumstances from which the defendant could have drawn his understanding." Id. citing Rainey, 3 Ohio App.3d 441, at paragraph two of the syllabus.
 {¶ 22} In the present case, the trial judge did not set forth the elements of Operation While Under the Influence or ask Bailey if he understood the charge. Nonetheless, there are sufficient surrounding circumstances to warrant the conclusion that Bailey, in fact, understood the charge.
 {¶ 23} Bailey was indicted for third degree Operation While Under the Influence, i.e. "operating]," on May 3, 2005, in Geauga County, a "vehicle * * * under the influence of alcohol * * * and * * * previously having been convicted of or pleaded guilty to a violation of division (A) of R.C. § 4511.19." At his initial appearance and arraignment before the trial court on May 19, 2005, and at a supplemental hearing on June 28, 2005, Bailey "was given or read a copy of the indictment" and "informed as to the nature of the charges against him." On both occasions, Bailey was present with and represented by counsel. The essential elements of both third degree and fourth degree Operation While Under the Influence are the same, the offender must have operated a vehicle under the influence of alcohol and have previously pled guilty to or be convicted of the same offense. Thus, if Bailey was advised of the nature of third degree Operation While Under the Influence of Alcohol, it is valid to presume he understood the nature of a fourth degree Operation While Under the Influence of Alcohol.
 {¶ 24} At the change of plea hearing, Bailey told the court he had spoken with defense counsel prior to changing his plea and that he understood he would be *Page 9 
pleading to a fourth degree Operation While Under the Influence, a lesser included offense of the charge in the indictment. Bailey's understanding of the nature of the charge may also be presumed from the fact that Bailey has multiple prior convictions for the same crime.
 {¶ 25} For the foregoing reasons, Bailey's guilty plea was knowingly, intelligently, and voluntarily made. The first assignment of error is without merit.
 {¶ 26} Under the second assignment of error, Bailey challenges the severity of his sentence, both the eighteen month term of imprisonment and the $5,000 fine.
 {¶ 27} Bailey was sentenced to serve an eighteen-month prison term in October 2005, and completed his sentence in March 2007, at which time he was released from the North Coast Correctional Treatment Facility. It is well-settled that arguments pertaining solely to the imposition of a prison or jail sentence are rendered moot upon completion of the sentence. State v. Corpening, 11th Dist. No. 2005-A-0058,2006-Ohio-5290, at ¶ 6; State v. Fletcher, 11th Dist. No. 2005-L-116,2006-Ohio-2496, at ¶ 8. Accordingly, we will not consider Bailey's arguments relative to the length of his sentence.
 {¶ 28} The trial court imposed a fine on Bailey of $5,000 pursuant to R.C. 4511.19(G)(1)(d)(iii), which provides that, for a fourth degree Operation While Under the Influence, "[t]he court shall sentence the offender to * * * a fine of not less than eight hundred nor more than ten thousand dollars." See, also R.C. 2929.18(B)(3) ("[f]or a fourth degree felony OVI offense * * * the sentencing court shall impose upon the offender a mandatory fine in the amount specified in division (G)(1)(d) * * * of section 4511.19 of the Revised Code"). *Page 10 
 {¶ 29} Bailey argues the trial court erred and abused its discretion by imposing a fine in spite of the fact that Bailey was found indigent. Bailey maintains his reported earning capacity of between $60,000 and $70,000 is misleading, given his incarceration and loss of his professional license. We disagree.
 {¶ 30} This court has previously held that "the legislature meant for the mandatory fine [for a fourth degree Operation While Under the Influence] to apply to an offender regardless of his or her indigent status." State v. Cottrell (Nov. 5, 1999), 11th Dist. No. 98-L-220, 1999 Ohio App. LEXIS 5233, at *17; accord State v. Whalen, 2nd Dist. No. 19783, 2003-Ohio-6539, at ¶¶ 10-19. Thus, Bailey's indigent status is not grounds for reversing the fine.
 {¶ 31} Moreover, the $5,000 is not excessive. It is within the prescribed statutory range. Despite the loss of a professional license, Bailey was acknowledged to be an intelligent person by the court and defense counsel and still possesses a professional training.
 {¶ 32} The second assignment of error is without merit.
 {¶ 33} In the third assignment of error, Bailey argues he received ineffective assistance of counsel at the change of plea and sentencing hearings.
 {¶ 34} The Ohio Supreme Court has adopted a two-part test to determine whether an attorney's performance has fallen below the constitutional standard for effective assistance. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Page 11 State v. Madrigal, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, citingStrickland v. Washington (1984), 466 U.S. 668, 687-688. The failure to prove any one prong of this two-part test makes it unnecessary for a court to consider the other prong. Madrigal, 87 Ohio St.3d at 389, citing Strickland, 466 U.S. at 697.
 {¶ 35} "In order to satisfy the `prejudice' requirement," in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v.Lockhart (1985), 474 U.S. 52, 59; State v. Xie (1992),62 Ohio St.3d 521, 524 (citations omitted).
 {¶ 36} Under this assignment, Bailey argues counsel was ineffective at the change of plea hearing since counsel allowed Bailey to plea despite the trial court's incorrect statement of the maximum penalty and failure to clearly identify the nature of the charge to which he pleaded. Both of these arguments have been considered under the first assignment of error. With respect to the misstatement of the maximum penalty, Bailey failed to demonstrate prejudice or that his plea would not have been made had he known the actual maximum penalty. With respect to the failure to clearly identify the nature of the charge, we determined there was no error in the court's acceptance of Bailey's plea. Moreover, Bailey does not claim to have been misinformed or unaware of the nature of the charge. Accordingly, Bailey received constitutionally effective assistance of counsel at the change of plea hearing.
 {¶ 37} Bailey further argues counsel was ineffective at the sentencing hearing for arguing before the trial judge that "Mr. Bailey was not suitable for treatment, even though Mr. Bailey had indicated that treatment was helping him." *Page 12 
 {¶ 38} At the sentencing hearing, Bailey informed the trial judge that he had been working with a "Dr. Allen" using a type of therapy known as biofeedback which has allowed him to "step back and take a look at what I did, and all the havoc and crap that I have caused my family as a result of it."
 {¶ 39} Defense counsel addressed the court, stating that Bailey is trying to deal with his problems and understand why he does the things he does. However, defense counsel conceded that Bailey has been very "resistant to conventional methods and conventional ways of dealing with problems." Defense counsel advised Bailey that he "needs to bring himself into conformity with the rest of the world." Counsel advised the court that Bailey needed "conventional counseling * * * designed to deal with the specific [substance abuse] problems he has" and that Bailey has been interviewed and accepted by the Northeast Ohio Alternative Program. Counsel recommended, in addition to the period of mandatory incarceration, that Bailey receive six months of local incarceration and a six-month commitment to the Northeast Ohio Alternative Program.
 {¶ 40} The trial court responded that it would like to "put more stock in what [Bailey] says" and "see more in what [defense counsel's] recommendation amounts to." Nonetheless, in light of Bailey's recidivism history and failure to respond to past sanctions or treatment, the court concluded that it needed to keep Bailey "off the street."
 {¶ 41} Defense counsel's address to the trial court at the sentencing hearing did not fall below an objective standard of reasonableness. Defense counsel anticipated the trial court might not be favorably disposed to Bailey's treatment using biofeedback therapy and, thus, recommended Bailey receive minimum sentences and more conventional substance abuse counseling. Ultimately, the trial court determined that *Page 13 
Bailey had not responded favorably to prior efforts at treatment and that a prison sentence was appropriate. Bailey's record, rather than defense counsel's performance, is responsible for the result.
 {¶ 42} The third assignment of error is without merit.
 {¶ 43} For the foregoing reasons, the trial court's acceptance of Bailey's plea of guilty to one count of a fourth degree Operation While Under the Influence of Alcohol and imposition of sentence and fine is affirmed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1