DECISION AND JUDGMENT
{¶ 1} This appeal is from the December 29, 2006 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Adrian Ibarra, after accepting a no contest plea to charges of domestic violence, a violation of R.C. 2919.25(A), and finding that appellant was guilty of the crime. Upon consideration of the assignments of error, *Page 2 
we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 11.
 {¶ 3} "ASSIGNMENT OF ERROR NUMBER TWO: THE COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS THE INDICTMENT."
 {¶ 4} In his first assignment of error, appellant argues that the trial court failed to substantially comply with Crim. R. 11(C)(2)(a) by informing appellant of his non-constitutional rights. The trial court must strictly comply with Crim. R. 11(C)(2) regarding federal constitutional rights, but need only substantially comply with the rule regarding non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, and State v. Carney, 7th Dist. No. 06-BE-18, 2007-Ohio-3180, ¶¶ 23-24. Appellant has failed, however, to specifically identify any error in the trial court's plea hearing.
 {¶ 5} Pursuant to Crim. R. 11(C)(2), before a trial court accepts a plea of guilty, the court must first have addressed the defendant personally and have done the following:
 {¶ 6} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 3 
 {¶ 7} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 8} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} Upon a review of the colloquy that occurred during the plea hearing in this case, we find that the trial court properly complied with the requirements of Crim. R. 11. Therefore, we find appellant's first assignment of error not well-taken.
 {¶ 10} In his second assignment of error, appellant argues that the trial court should have granted his motion to dismiss the indictment against him because R.C. 2919.25 is unconstitutional. Appellant acknowledges that the Ohio Supreme Court recently addressed the issue raised by appellant and held in State v. Carswell, 114 Ohio St.3d 210,2007-Ohio-3723, that the statue is constitutional. Appellant raises the issue solely to preserve the error. Because of the holding of the Ohio Supreme Court, we find appellant's second assignment of error not well-taken.
 {¶ 11} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. *Page 4 
Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR. *Page 1